1 DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
2 REBEKKAH B. BODOFF, ESQ.
Nevada Bar No. 12703
3 KAREN A. WHELAN, ESQ.
Nevada Bar No. 10466
4 **AKERMAN LLP**
1635 Village Center Circle, Suite 200
5 Las Vegas, Nevada 89134
Telephone: (702) 634-5000
6 Facsimile: (702) 380-8572
Email: darren.brenner@akerman.com
7 Email: rebekkah.bodoff@akerman.com
Email: karen.whelan@akerman.com
8
*Attorneys for Defendants Bank of America, N.A.*
9 *and Federal Home Loan Mortgage Corporation*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| RH KIDS, LLC, | Case No.: 2-17-cv-01004 |
|---|---|
| Plaintiff, | **NATIONSTAR MORTGAGE LLC'S MOTION FOR PARTIAL STAY PENDING FINAL RESOLUTION OF THE CERTIFIED QUESTION TO THE NEVADA SUPREME COURT** |
| vs. | |
| DEBBIE C. LEHMAN; BANK OF AMERICA, N.A.; FEDERAL HOME LOAN MORTGAGE CORPORATION, a federally chartered corporation; AND DOES 1 THROUGH 10 INCLUSIVE; ROE CORPORATIONS 1 THROUGH 10, INCLUSIVE, | |
| Defendants. | |

In the interests of judicial economy, Defendants Bank of America, N.A. (**Bank of America**) and Federal Home Loan Mortgage Corporation (**Freddie Mac**) (collectively, **Defendants**) respectfully move the Court for an order staying all proceedings pending resolution of the Nevada Supreme Court's answer to the certified question, Nevada Supreme Court Appeal No., 72931.

### **MEMORANDUM OF POINTS AND AUTHORITIES**

The Ninth Circuit declared that NRS 116 is facially unconstitutional in *Bourne Valley*. *Bourne Valley*, 832 F.3d at 1159-60. The Supreme Court denied Bourne Valley's petition for review, and the Ninth Circuit's decision remains intact. *See id.*, 2017 WL 1300223, at *1.

…

On April 21, 2017, this Court, in Case No. 2:16-cv-02561-RFB-PAL, at ECF No. 41, granted SFR Investments Pool 1, LLC's Motion to Certify a Question of Law to Nevada's Supreme Court. On May 21, 2017, SFR Investments filed its certifying question with the Nevada Supreme Court. On June 13, 2017, the Nevada Supreme Court accepted the certified question. The briefing on the certified question is not yet completed, and no decision has been issued.

The current action involves the same constitutional questions presented to the Nevada Supreme Court. In the instant action, Plaintiff's claims arise from a homeowner's non-judicial foreclosure sale and Plaintiff seeks, among other claims, a declaration that the HOA foreclosure sale extinguished the first Deed of Trust pursuant to NRS 116—the same statute the Ninth Circuit declared unconstitutional and that is the subject of the certified question. To save the parties' and the Court's resources, Defendants request this Court to stay all deadlines in this case pending resolution of the certified question, including discovery, summary judgment and pretrial order deadlines. The resolution of the certified question may resolve the entire litigation.

### I. A stay is appropriate.

Federal district courts have "wide discretion in controlling discovery." *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988). To determine if a stay is appropriate, the Court considers (**1**) damage from the stay; (**2**) hardship or inequity that befalls one party more than the other; and (**3**) the orderly course of justice. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (setting forth factors). Here, the factors support a stay of all proceedings.

### A. Damage from stay

Any damage from a discovery stay is minimal if balanced against the potentially unnecessary fees, costs, and time which would ensue if discovery continues. If the motion is granted, the parties will be able to avoid the cost and expense of written discovery and depositions on issues that may be irrelevant based on the Nevada Supreme Court's answer to the certified question. Moreover, the Court will be relieved of expending further time and effort considering any discovery-related motions or briefing on other dispositive issues. A stay will benefit all parties involved as well as the Court.

…

…

2

### B. Hardship or inequity

There will be no significant hardship or inequity that befalls the defendants as a result of the stay. The non-moving parties will benefit, at Defendants' expense, as Plaintiff will maintain possession and control of the property during the stay.

### C. Orderly course of justice

At the center of this case is a homeowners' association's foreclosure sale under NRS 116. The outcome of the Nevada Supreme Court's certified question has the potential to result in resolution of the entire case. Without a stay, the parties will expend resources that will be unnecessary if the motion is granted. It is therefore appropriate for this Court to exercise its power to grant a stay. Defendants' request is not intended to cause any delay or prejudice to any party.

## II. Conclusion

WHEREFORE, Defendants respectfully request the Court issue an order staying all proceedings pending resolution of the Nevada Supreme Court's acceptance of the certified question of law, Appeal No. 72931. *See also Bank of New York Mellon v. Star Hill Homeowners Ass'n*, 2:16-cv-02561-RFB-PAL, ECF No. 45 (staying litigation pending final resolution of the certified question to the Nevada Supreme Court).

DATED this 3rd day of January, 2018.

**AKERMAN LLP**

/s/ Karen A. Whelan
DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
REBEKKAH B. BODOFF, ESQ.
Nevada Bar No. 12703
KAREN A. WHELAN, ESQ.
Nevada Bar No. 10466
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134

*Attorneys for Bank of America, N.A.*

**IT IS SO ORDERED**



**UNITED STATES DISTRICT JUDGE**

**DATED: January 4, 2018**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of January, 2018 and pursuant to Fed. R. Civ. P. 5(b), I served via CM/ECT electronic filing system, and/or deposited for mailing in the U.S. Mail postage prepaid, a true and correct copy of the foregoing **NATIONSTAR MORTGAGE LLC'S MOTION FOR PARTIAL STAY PENDING FINAL RESOLUTION OF THE CERTIFIED QUESTION TO THE NEVADA SUPREME COURT** addressed to:

Michael N. Beede, Esq.
Cheryl A. Grames, Esq.
THE LAW OFFICE OF MIKE BEEDE, PLLC
2300 W. Sahara Avenue, Suite 420
Las Vegas, NV 89102

*Attorneys for Plaintiff/Counterdefendant*

/s/ Patricia Larsen
An employee of AKERMAN LLP