**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

RH KIDS, LLC

Plaintiff,

v.

BANK OF AMERICA, N.A. *et al*.,

Defendants.

No. 2:17-cv-01004-RFB-DJA

**ORDER**

Before the Court are Defendant Bank of America, N.A.'s ("BANA")  and Intervenor Federal Home Loan Mortgage Corporation's  ("Freddie Mac") Motion for Summary Judgment and Plaintiff RH Kids, LLC's ("RH Kids") Motion for Summary Judgment. ECF Nos. 24, 25. For the following reasons, the Court grants BANA's motion and denies RH Kids's Motion.

I.      **PROCEDURAL BACKGROUND**

Plaintiff RH Kids, LLC began this case by filing a complaint in the Eighth Judicial District Court in Clark County on December 23, 2015. ECF No. 1-1. The complaint seeks declaratory and injunctive relief that a 2013 nonjudicial foreclosure sale conducted pursuant to Chapter 116 of the Nevada Revised Statutes extinguished Intervenor Freddie Mac's deed of trust on a Las Vegas property. Id. RH Kids brings quiet title, preliminary and permanent injunctive relief, and slander to title claims. Id. On October 11, 2016, the Eighth Judicial District Court granted Freddie Mac's motion to intervene as a defendant in this action. Intervenor Freddie Mac removed the case to this Court on April 7, 2017. ECF No. 1.

On January 4, 2018, the Court stayed the case pending the Nevada Supreme Court's answer

1

to pertinent certified questions of law. ECF No. 15. On August 20, 2019, the Court lifted the stay. ECF No. 22. Defendant Bank of America, N.A. and Intervenor Freddie Mac moved for summary judgment on September 27, 2019. ECF No. 23. Plaintiff RH Kids, LLC also moved for summary judgment on that date. ECF No. 25. Both motions were fully briefed. ECF Nos. 26 – 29.

## II.    FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed fact. [1]

### a.  Undisputed Facts

This matter concerns a nonjudicial foreclosure on a property located at 2171 Hussium Hills Street # 105, Las Vegas, NV 89108 (the "property").  The property sits in a community governed by the Rancho Lake Condominiums Homeowners Association ("HOA").  The HOA requires its community members to pay dues.

Debbie C. Lehman borrowed funds from Bank of America, N.A. in December 2004 to purchase the property.  To obtain the loan, Lehman executed a promissory note and a corresponding deed of trust to secure repayment of the note.  The deed of trust, which lists Lehman as the borrower, and  Bank of America, N.A. as the lender and beneficiary,  was recorded on December 27, 2004.

At some point Lehman fell behind HOA assessments, and the HOA initiated the nonjudicial foreclosure process. Between March 2013 and October 2013, the HOA agent recorded a notice of delinquent assessment, notice of default and election to sell, and finally a foreclosure deed against the property. Nonparty Futuregen Company purchased the property at a HOA foreclosure sale on September 27, 2013 for $8,500. Futuregen later quitclaimed the property to Plaintiff RH Kids.

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure as well as Freddie Mac's Single-Family Servicing Guide.  Fed. R. Evid. 201 (b), (d); Berezovsky v. Moniz, 869 F.3d 923, 932–33 (9th Cir. 2017) (judicially noticing the Guide); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

However, Freddie Mac previously purchased the loan in September 2007.  While its interest was never recorded under its name, Freddie Mac continued to maintain its ownership of the note and the deed of trust at the time of the foreclosure sale, while BANA remained beneficiary of record on the deed of trust in its capacity as Freddie Mac's servicer.

The relationship between Freddie Mac and its servicers is governed by Freddie Mac's Single-Family Servicing Guide ("the Guide").  The Guide provides that servicers may act as record beneficiaries for deeds of trust owned by Freddie Mac.  It also requires that servicers assign the deeds of trust to Freddie Mac on Freddie Mac 's demand.  The Guide states:

> The Seller/Servicer is not required to prepare an assignment of the Security Instrument to the Federal Home Loan Mortgage Corporation (Freddie Mac). However, Freddie Mac may, at its sole discretion and at any time, require a Seller/Servicer, at the Seller/Servicer's expense, to prepare, execute and/or record assignments of the Security Instrument to Freddie Mac.

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including when "[s]eller/servicers may need to obtain physical or constructive possession of a Note." The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Freddie Mac.  The Guide also includes a chapter regarding how servicers should manage litigation on behalf of Freddie Mac. See Guide at 67.17 ("Routine and non-routine litigation").  But the Guide clarifies that the Servicer must "follow prudent business practices" to ensure that note is "identif[ied] as a Freddie Mac asset."  Finally, under the Guide, "all documents in the mortgage file . . . will be, and will remain at all times, the property of Freddie Mac."

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"). 12 U.S.C. § 4511 *et seq*. HERA established the FHFA and gave it authority to oversee the Federal National Mortgage Association (Fannie Mae) and the Federal Home Loan Mortgage Corporation (Freddie Mac) as the enterprises' Conservator.  In accordance with its authority, FHFA placed the

1
2
3

Enterprises, including Freddie Mac, under its conservatorship in 2008. Neither FHFA nor Freddie Mac consented to the foreclosure extinguishing Freddie Mac 's interest in the property in this matter.

4
5

### b. Disputed Facts

The Court finds there to be no disputed facts, only disputes as to the legal effect of the facts.

6
7

## III.   LEGAL STANDARD

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.  Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014).  If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).  It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage.  Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

23
24

## IV.   DISCUSSION

25
26
27
28

The Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3) resolves this matter. The Ninth Circuit held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under the FHFA's conservatorship unless FHFA affirmatively consented to the extinguishment of the interest.

Berezovsky v. Moniz, 869 F.3d 923, 927–31 (9th Cir. 2017) (applying the Federal Foreclosure Bar to preempt the nonjudicial foreclosure of a property owned by Freddie Mac).  Under Berezovsky, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the foreclosure.  Id. at 932–33. The Ninth Circuit has further stated that loan servicers such as BANA have an agency relationship with the enterprise that entitles them to bring such claims on behalf of the enterprise. Ditech Fin., LLC v. SFR Invs. Pool 1, LLC, 793 F. App'x 490 (9th Cir. 2019); Berezovsky, 869 F.3d at 932.  Thus, under the binding Berezovsky decision, the Court finds that the Federal Foreclosure Bar preempts the foreclosure from extinguishing Freddie Mac's deed of trust that BANA serviced.

Despite Berezovsky's clear holding, RH Kids argues that Freddie Mac was required to record its interest, that the Federal Foreclosure Bar does not preempt Nevada's recording statutes, and that the FHFA did consent to the extinguishment of the deed of trust. RH Kids is wrong on all accounts.

The Court finds that RH Kids has done no more than raise "metaphysical doubt" as to whether Freddie Mac lawfully acquired the loan. Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). The Ninth Circuit has found that database records are admissible evidence to show that a government-sponsored-enterprise acquired the loan. Berezovsky v. Moniz, 869 F.3d 923, 932 n.8 (9th Cir. 2017); Elmer v. JPMorgan Chase & Co., 707 Fed. Appx. 426, 428 (9th Cir. 2017). The Nevada Supreme Court has also done the same, and specifically held that the government-sponsored enterprise need not be the beneficiary of record to establish its ownership interest. Daisy Trust v. Wells Fargo Bank, N.A., 445 P.3d 846 (Nev. 2019).

In this case, BANA and Freddie Mac provided printouts from its MIDAS system accompanied by a sworn declaration from Jeffery K. Jenkins, a Loss Mitigation Senior official

with Freddie Mac. The printouts show a funding date of September 26, 2007, which indicates the date when Freddie Mac paid for the purchase of the loan. The Court finds this evidence sufficient to find that Freddie Mac acquired the loan on or around September 2007. The Court also finds that BANA and Freddie Mac submitted evidence sufficient to establish that BANA is the current servicer of the loan.

RH Kids argues that the Federal Foreclosure Bar does not preempt Nevada's recording statutes. While the Nevada Supreme Court expressly declined to decide the issue of preemption, the Nevada Supreme Court explained in Daisy Trust that when the record deed of trust beneficiary is at all times in an agency relationship with a note holder, recordation is not necessary. Daisy Trust, 445 P.3d at 233 – 34. The Court finds that BANA was at all times relevant to this litigation in an agency relationship with Freddie Mac. The Court therefore rejects this argument.

Finally, RH Kids argues that the FHFA did affirmatively consent to the sale. To support this argument, RH Kids points to a January 2014 statement that "Fannie Mae supports maintaining the maximum six-month limited priority lien for common expense assessments (typically known as homeowner association or HOA fees) that currently applies in most jurisdictions." The Court finds this statement irrelevant to this action. The statement is from Fannie Mae, which is not a party in this action. It refers to a lien for six months-worth of assessments as opposed to nine months. Finally, the statement itself does not establish that the FHFA affirmatively consented to the extinguishment of a deed of trust. That an entity concedes that a lien has priority over it does not mean that entity consents to the extinguishment of its own interest.

Based on the forgoing, the Court grants summary judgment in favor of Intervenor Freddie Mac and Defendant BANA and declares that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Freddie Mac's interest in the property. Because the Court finds that the applicability of the Federal Foreclosure Bar is dispositive in this case, it dismisses all other claims.

1

2

## V.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Bank of America N.A. and Intervenor Freddie Mac's for Summary Judgment (ECF No. 24) is granted. The Court grants summary judgment to Defendant Bank of America, N.A. and Intervenor Freddie Mac  on RH Kid's quiet title claim, finding that Defendant RH Kids, LLC acquired the property subject to Freddie Mac's deed of trust serviced by Defendant Bank of America, N.A.

**IT IS FURTHER ORDERED** that Plaintiff RH Kids, LLC's Motion for Summary Judgment (ECF No. 25) is DENIED.

The Clerk of the Court is instructed to enter judgment accordingly and close the case.

DATED:  August 10, 2020.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**